IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE:<br>LEN SALAS,<br><br>      Debtor. | CASE NO. 18-02662-MH3-7<br>CHAPTER 7<br>JUDGE MARIAN HARRISON |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: May 1, 2019.
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: May 21, 2019
at 9:00 a.m., Courtroom 3, Second Floor, Customs House, 701 Broadway Nashville, TN 37203**.

### TRUSTEE'S NOTICE OF MOTION TO SELL PROPERTY

    Michael Gigandet, the Chapter 7 trustee, has asked the court for the following relief: TO SELL PROPERTY FOR TRUSTEE

    **YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion, or if you want the court to consider your views on the motion, then on or before May 1, 2019, you or your attorney must:

1.    File with the court your written response or objection explaining your position at:

      By Mail:    U.S. Bankruptcy Court, 701 Broadway, Room 160, Nashville, TN 37203
      In Person:  U.S. Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, TN 37203

2.    **Your response must state that the deadline for filing responses is May 1, 2019, the date of the scheduled hearing is May 21, 2019 and the motion to which you are responding is trustee's motion to sell property for trustee.**
   If you want a file stamped copy returned, you must include an extra copy and a self-addressed, stamped envelope.

3.    You must also mail a copy of your response to:
   Michael Gigandet, Trustee, 208 Centre Street, Pleasant View, TN 37146
   U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203
   Debtor, Len Salas, 1018 Vince Ct
   Murfreesboro, TN 37128-6417
   Debtor's Attorney, TIMOTHY G. NIARHOS, 321 29th Ave. N., NASHVILLE, TN 37203

    If a timely response is filed, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by calling the Clerk's Office at 615-736-5584 or viewing the case on the Court's web site at <www.tnmb.uscourts.gov>. If you received this notice by mail, you may have three additional days in which to file a timely response under Rule 9006(f) of the Federal Rules of Bankruptcy procedure.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: April 10, 2019                    Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**

**/s/ Michael Gigandet**

_____
Michael Gigandet, Trustee #11498
208 Centre Street
Pleasant View, TN 37146
615-746-4949
michael@mgigandet.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
LEN SALAS,

      Debtor.

CASE NO. 18-02662-MH3-7
CHAPTER 7
JUDGE MARIAN HARRISON

## TRUSTEE'S MOTION TO SELL PROPERTY

Comes now Michael Gigandet, the duly appointed Chapter 7 trustee, and moves this Court for an order to sell property of the debtor as outlined below:

**DESCRIPTION OF PROPERTY:** Any and all claims and interests of the bankruptcy estate or the Chapter 7 trustee to the certain real estate located at 1610 Riggs Place, NW, Washington, DC 20009, such legal and equitable interest in the real estate having been ruled as possessed by Max Salas pursuant to that certain *Memorandum Decision and Order Re Objection to Homestead Exemption* entered on September 25, 2018, in the bankruptcy case of Max Salas before the United States Bankruptcy Court for the District of the District of Columbia; Case No. 18-00260. Such claims and interests being sold include, but are not limited to, the Chapter 7 trustee's rights to pursue a cause of action against Max Salas under the trustee's avoidance powers pursuant to Bankruptcy Code Sections 544, 545, 547, 548, 549, or 553.

**DATE AND TIME:** Immediately after objection period

**TYPE OF SALE:** Private sale to Ron Salas

**TERMS OF SALE:** $10,000.00 cash

**LIENS:** SunTrust Bank has a valid lien on the property located at 1610 Riggs Place, NW, Washington, DC 20009. There may also be certain tax liens on that property. All liens on the real property will continue to attach to the real property after this sale, in the order and priority in which they currently attach.

ANY VALID AND PROPER LIEN WILL ATTACH TO THE PROCEEDS OF THE SALE. TRUSTEE WILL CONVEY TO BUYER BY APPROPRIATE INSTRUMENT, THE RIGHT, TITLE AND INTEREST THAT TRUSTEE HAS THE RIGHT TO CONVEY. PROCEEDS OF THE SALE WILL BE SUBJECT TO AGENT FEES AND EXPENSES, IF ANY, AND ATTORNEY FOR TRUSTEE FEES AND EXPENSES.

Debtor's Statutory Exemption: The debtor is not entitled to an exemption from the sale of this interest.

The trustee is verifying with both the Internal Revenue Service and the Tennessee Dept. of Revenue that they have no secured tax liens against this debtor.

The sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either party to take any unfair advantage of the other. The Buyer is purchasing the property in good faith pursuant to 11 U.S.C. Section 363(m).

With the exception of liens that are perfected against the real estate located at 1610 Riggs Place, NW, Washington, DC 20009, the sale of the property is being made free and clear of any interest in the property held by an entity other than the estate pursuant to 11 U.S.C. Section 363(f) because either: (1) applicable non-bankruptcy law permits the sale of the property free and clear of such interests; (2) such entity consents to the sale; (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest.

Any party who objects to the motion to sell must file any response or objection electronically pursuant to the 9013 Notice of this Motion to Sell that has been filed and served with this motion. In the absence of a timely filed objection to this Motion to Sell, or, in the absence of a timely upset bid (as detailed below) the court may enter an order approving this Motion to Sell without further notice or hearing.

Any party interested in purchasing the property (an "Upset Bidder") should file a notice of an upset bid with the Bankruptcy Court, United States Trustee, and Chapter 7 Trustee (at the address listed below) within the time set by the 9013 notice (or by the Bankruptcy Clerk if filed under LBR 9075). The Upset Bidder shall submit to the undersigned Trustee an offer, in writing, in an amount equal to the Alternative Minimum Bid (defined below), and submit information demonstrating the financial wherewithal of the Upset Bidder to consummate the proposed transaction. The Trustee, in the Trustee's discretion, will determine if the Upset Bidder has submitted a qualified bid based on the terms of the bid, and the Upset Bidder's financial ability to consummate the proposed purchase at the Alternative Minimum Bid price. The deadlines set forth in this paragraph concerning objections to a proposed sale by an Upset Bidder supercede those provided in Fed. R. Bankr.P. 6004(b).

The Alternative Minimum Bid is $11,500.00.

If a qualified Alternative Minimum Bid is timely received by the Trustee, then the Trustee shall conduct a private auction at a time, place and manner that is determined by the Trustee. The Trustee will file a notice of the auction time and place with the court. The Trustee will select the bid, or combination of bids, at the conclusion of the auction that the Trustee believes to be the highest or best value for the Property (the "Winning Bidder"). The Trustee reserves the right to select the best bid, even if not the highest bid. The Winning Bidder must complete and sign all agreements or other documents with the Trustee evidencing and containing the terms and conditions on which the winning bid was made before the auction is concluded. In the event the Winning Bidder is different from the Buyer identified in this Motion to sell, the Trustee shall ascertain whether the

Winning Bidder is an insider of the debtor, whether the sale represents an arms-length transaction between the parties, made without fraud or collusion, and whether there has been any attempt by either party to take an unfair advantage of the other such that the Winning Bidder may be deem to be purchasing the property in good faith pursuant to 11 U.S.C. Section 363(m). The Trustee shall state these factual findings in any order approving the Motion to Sell that is submitted to the Court. The Court may, in its discretion, hold a separate hearing to make the findings required to approve the sale pursuant to Section 363(m).

If a bidder at the auction objects to the Trustee's selection of the Winning Bidder, then that bidder may submit a bid under protest at the auction and shall have standing to object to the Trustee's selection of the Winning Bidder. The Trustee shall notify the Court of the objection to the Trustee's selection of the Winning Bidder and the Court shall hold a hearing on the objection.

If for any reason the Winning Bidder fails to consummate the sale of the Property, the offeror of the second highest or best bid (subject to the same reservations) will automatically be deemed to have submitted the highest and best bid, and the Trustee is authorized to effect the sale of the Property to such offeror without further order from the bankruptcy court. If such failure to consummate the purchase of the Property is the fault of the Winning Bidder, the Winning Bidder's deposit, if any, shall be forfeited to the Trustee, and the Trustee specifically reserves the right to seek all available damages from the defaulting bidder.

The Trustee reserves the right to: (1) impose, at or before the auction, additional terms and conditions on a sale of the Property; (2) extend the deadlines from those set forth herein, adjourn the auction at the auction; (3) withdraw the Property, or any part of the Property, from sale at any time before or during the auction, and to make subsequent attempts to market the same; and (4) reject all bids if, in the Trustee's reasonable judgment, no bid is for a fair and adequate price.

It is anticipated that there is sufficient equity in the property to pay all 506(c) expenses.

WHEREFORE, the Trustee requests that the Court enter an Order, submitted by the Trustee, in the absence of any timely filed objection to the sale motion, which:

1. Authorizes the Trustee to sell the Property;

2. Approves the sale of the Property pursuant to 11 U.S.C. Section 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

3. Declares that this sale is subject to all liens against the real property located at 1610 Riggs Place, NW, Washington, DC 20009;

4. Declares that all other liens against the Property attach to the proceeds of the sale;

5. Approves the payment of sale proceeds to: (1) the costs of sale; (2) the satisfaction of liens in the Property in order of priority; (3) the satisfaction of any co-owner's interest; and (4) the satisfaction of the debtor's exemption in the property.

6. Waives the 10-day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h);

7. Authorizes the Trustee to execute any documents needed to affect this sale of Property, including execution of a confirmatory deed to Max Salas with the consent of Buyer;

8. And for such other relief as the Court may deem proper.

Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**
**/s/ Michael Gigandet**

_____
Michael Gigandet, #011498
208 Centre St.
Pleasant View, TN 37146
615-746-4949
Fax: 615-746-4950
michael@mgigandet.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded by U. S. Mail, 1st class postage prepaid, to the U. S. Trustee's Office, 318 Customs House, 701 Broadway, Nashville, TN 37203, to the debtor(s), to the debtor's attorney and to all creditors and all interested parties, per the mailing matrix attached to and filed with the original of this document, on this the ~~____~~ 10th day of April, 2019.

/s/ Michael Gigandet
_____
Michael Gigandet, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: | CASE NO. 18-02662-MH3-7
LEN SALAS, | CHAPTER 7
| JUDGE MARIAN HARRISON
Debtor.

**PROPOSED ORDER TO SELL PROPERTY**

Upon the notice and motion of Michael Gigandet, the Chapter 7 trustee, to sell any and all claims and interests of the bankruptcy estate or the Chapter 7 trustee to the certain real estate located at 1610 Riggs Place, NW, Washington, DC 20009, such legal and equitable interest in the real estate having been ruled as possessed by Max Salas pursuant to that certain *Memorandum Decision and Order Re Objection to Homestead Exemption* entered on September 25, 2018, in the bankruptcy case of Max Salas before the United States Bankruptcy Court for the District of the District of Columbia; Case No. 18-00260. Such claims and interests being sold include, but are not limited to, the Chapter 7 trustee's rights to pursue a cause of action against Max Salas under the trustee's avoidance powers pursuant to Bankruptcy Code Sections 544, 545, 547, 548, 549, or 553, notice having been given pursuant to LR 9013-1, and no objections filed thereto within the time required;

It is therefore **ORDERED, ADJUDGED and DECREED** that the trustee's motion to sell any and all claims and interests of the bankruptcy estate or the Chapter 7 trustee to the certain real estate located at 1610 Riggs Place, NW, Washington, DC 20009, such legal and equitable interest in the real estate having been ruled as possessed by Max Salas pursuant to that certain *Memorandum Decision and Order Re Objection to Homestead Exemption* entered on September 25, 2018, in the bankruptcy case of Max Salas before the United States Bankruptcy Court for the District of the District of Columbia; Case No. 18-00260. Such claims and interests being sold include, but are not limited to, the

Chapter 7 trustee's rights to pursue a cause of action against Max Salas under the trustee's avoidance powers pursuant to Bankruptcy Code Sections 544, 545, 547, 548, 549, or 553, free and clear of liens shall be and is hereby granted;

It is also **ORDERED, ADJUDGED and DECREED** the sale of the property pursuant to 11 U.S.C. Section 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004 is approved; and

It is further **ORDERED, ADJUDGED and DECREED** that all liens, if any, shall attach to the proceeds of the sale and that the 14-day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h) shall be and is hereby waived.

**ENTERED** this the _____ day of _____, 2019.

_____
U.S. BANKRUPTCY JUDGE

APPROVED FOR ENTRY:

**LAW OFFICE OF MICHAEL GIGANDET**

_____
Michael Gigandet, Trustee #011498
208 Centre St.
Pleasant View, Tenn. 37146
(615) 746-4949
Fax: 615-746-4950
michael@mgigandet.com

| | | |
|---|---|---|
| BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 | Barclays Bank Delaware<br>General Correspondence<br>PO Box 8801<br>Wilmington, DE 19899-8801 |
| BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 | BB&T, Bankruptcy Section<br>100-50-01-51<br>PO Box 1847<br>Wilson, NC 27894-1847 | Best Buy Credit Services<br>Correspondence<br>PO Box 790441<br>Saint Louis, MO 63179-0441 |
| DC OFC OF TAX & REVENUE<br>C/O NANCY L ALPER, ASST ATTY GENL<br>OFFICE OF ATTY GENL FOR<br>THE DISTRICT OF COLUMBIA<br>441 4TH ST NW STE 1010S<br>WASHINGTON DC 20001-2714 | Denis Graham (Gray) Waldron +<br>NIARHOS & WALDRON, PLC<br>1106 18TH AVE S<br>NASHVILLE, TN 37212-2107 | District of Columbia Office of Tax and Reven<br>Office of the Attorney General for DC<br>441 4th Street, N.W., Suite 1010S<br>Washington, DC 20001-2714 |
| Estate of Michael Patrick McLoughlin<br>c/o Michael McLoughlin, Jr.<br>43576 Ridge Ct<br>Leonardtown, MD 20650-4503 | Estate of Nina Brekelmans<br>c/o Nicolaas & Gail Brekelmans<br>PO Box 311<br>Mendham, NJ 07945-0311 | Internal Revenue Service<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Jeremiah McGuire<br>BROCK & SCOTT, PLLC<br>5050 Poplar Ave., Ste 1608<br>Memphis, TN 38157 | Kendra C. Rowe Salas<br>1018 Vince Ct<br>Murfreesboro, TN 37128-6417 | Lani D. Lester<br>BURCH, PORTER & JOHNSON, PLLC<br>130 N. court Ave.<br>Memphis, TN 38103 |
| Law Office of Philip J. McNutt, PLLC<br>Attn: Philip J. McNutt<br>11921 Freedom Dr., Ste 584<br>Reston, VA 20190 | Len Salas<br>1018 Vince Ct<br>Murfreesboro, TN 37128-6417 | MARTHA JOHNSON<br>ESTATE OF MICHAEL MCLOUGHLIN<br>19026 RUSSELL RD<br>LEONARDTOWN MD 20650-7027 |
| Max E Salas<br>1610 Riggs Pl NW<br>Washington, DC 20009-6417 | Max Salas<br>c/o Phillip G. Young<br>6100 Tower Circle, Suite 200<br>Franklin, TN 37067-1465 | MEGAN REED SELIBER +<br>US Trustee's Office<br>701 Broadway<br>Suite 318<br>Nashville, TN 37203-3966 |
| Michael C. Forster<br>Forster Law Firm<br>2007 Vermont Ave NW<br>Washington, DC 20001-4029 | Patrick M. Regan, Atty<br>Regan Zambri & Long, PLLC<br>1919 M St NW Ste 350<br>Washington, DC 20036-3513 | Richard A. Bussey, Atty<br>Stein Mitchell Cipollone Beato & Missner<br>1100 Connecticut Ave NW Ste 1100<br>Washington, DC 20036-4107 |
| ROBERT MCKEON<br>DEPUTY CHIEF COUNSEL<br>DC OFC OF TAX & REVENUE<br>1101 4TH ST SW<br>WASHINGTON DC 20024-4457 | Select Portfolio Servicing<br>PO Box 65250<br>Salt Lake city, UT 84165-0250 | Shapiro & Ingle, LLP<br>Attorney for Select Portfolio Servicing, Inc.<br>10130 Perimeter Pkwy, Ste 400<br>Charlotte, NC 28216 |
| Shilpini Burris<br>BROCK & SCOTT, PLLC<br>6 Cadillac Dr., Ste 140<br>Brentwood, TN 37027 | SunTrust Bank<br>1001 Semmes Ave.<br>Richard, Virginia 23222 | SunTrust Mortgage, Inc<br>PO Box 27767<br>Bankruptcy Department RVW-3034<br>Richmond, VA 23261-7767 |

SunTrust Mortgage, Inc.
PO Box 26149
Richmond, VA 23260-6149

Taylor A. Cates, Esq.
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Ave.
Memphis, TN 38103

TIMOTHY G. NIARHOS +
NIARHOS & WALDRON, PLC
1106 18TH AVE S
NASHVILLE, TN 37212-2107

U.S. Bank National Association, not in its i
Brock and Scott, PLLC
Shilpini Burris
6 Cadillac Dr. Suite 140
Brentwood, TN 37027-5080

US TRUSTEE +
OFFICE OF THE UNITED STATES TRUSTEE
701 BROADWAY STE 318
NASHVILLE, TN 37203-3966